UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA DRIGHT, ET AL | CIVIL ACTION |
| VERSUS | NO. 09-7518 |
| KENAN BEL BUCHERT, ET AL | SECTION "C" |

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In this matter, the plaintiffs allegedly suffered injuries in a boating accident on October 26, 2008, involving an allision with the support pilings for the Highway 90 Bridge over Bay St. Louis in Mississippi. No jury was requested in the petition filed on October 29, 2009. According to the defendants in memorandum, the jurisdictional minimum exists because of a settlement demand made by one of the plaintiffs in

another lawsuit against a non-defendant over a year ago.[1]  No medical records or reports are provided, but there appears to be no dispute that neither plaintiff has been recommended for surgery.  Unsupported statements from the plaintiffs indicate that one plaintiff has bulging discs and has had injections, and also complains of abnormalities in the carpal tunnel and ulnar nerves, with medical expenses totaling $10,000.  Unsupported statements indicate that the other plaintiff has bulging discs and has also undergone injections, with medical expenses totaling $16,000.[2]

The Court does not find that the jurisdictional minimum is facially apparent from the petition in this matter.   The Court also finds that the defendants have not made a showing sufficiently particularized to support this Court's subject matter jurisdiction.  Not only is there a lack of affirmative proof provided, but this conclusion is consistent with previous rulings of this Court regarding unoperated herniated discs. Turner v. Winn Dixie, 2009 WL 159294 (E.D.La.);  Guzman v. State Farm Mutual Automobile Insurance Co., 2008 WL 2308099 (E.D.La.);  Jackson v. Continental Casualty Co., 2007 WL 782190 (E.D.La.); St. Pierre v. Miers, 2006 WL 980675 (E.D.La.); Kern v. State Farm

---

[1]  There is no discussion whether any recovery from the other lawsuit could reduce the award here for the same injuries.

[2]  The plaintiff challenges the defendants' ability to prove the actual diversity of citizenship due to the naming of Kenan Bel Buchard as a non-diverse defendant.

Mutual Insurance Co., 2006 WL 146199 (E.D.La.); Lehmann v. Protective Insurance Co., 711705 (E.D.La.); Story v. Unitrin Specialty Insurance Co., 2005 WL 3543731 (E.D.La.).

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 29th day of January, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE